LUCY A. COMERY *vs.* ALBERT E. HOWARD, and another.

Lincoln. Opinion March 23, 1889.

*Contract. Recision. Action. Submission and Award. Evidence.*

The plaintiff having conveyed her homestead, and personal property on the same, to the defendants, in consideration of receiving support from them, retained possession of the property under the contract. In an action to recover its value from the defendants, it appearing that the contract had not been rescinded, *Held,* that the action could not be maintained.

In order to effectuate a rescision of their contract, by mutual agreement, and enable the plaintiff to obtain a reconveyance of her property, the parties entered into a submission of all demands under which the referee made an award of the amount due the defendants, *Held*, that to entitle the plaintiff to a reconveyance, or upon a refusal and neglect to reconvey, to recover the value of the property, she must pay or tender to the defendants, the amount thus awarded; that her remedy, after the award was made, was under the award.

*Held, also*, that it was not competent for the plaintiff to prove by parol, in this case, that the value of the farm was not passed upon or considered by the referee.

ON EXCEPTIONS.

Assumpsit to recover the value of a certain farm and personal property.

The plaintiff put in evidence her deed to the defendants covering the property sued for. The deed is dated May 27, 1882.

For the purposes of the hearing, it was admitted that the property mentioned in said deed, and which embraces household furniture and other chattels, was not paid for at the time of the conveyance, except so far as advances had been made, prior to that time.

The defendants put in evidence a submission entered into between the plaintiff and the defendants, bearing date October 15, 1887, and the award thereon, sufficiently described in the opinion of the court, and contended that said submission and award were a bar to this suit.

The plaintiff offered to show by the testimony of the referee, that in the hearing before him, no testimony was introduced, in any way, relating to the payment of the consideration of said conveyance to the defendants, and that this question was not adjudicated, nor passed upon by him, except as appears in the award.

The plaintiff further offered testimony, tending to prove that a portion of the personal property sued for, had been taken and retained by the defendants, which was not mentioned in said award, and was not adjudicated upon by said referee.

The presiding justice, thereupon, ruled that said submission and award were a bar to the action; that oral testimony was not admissible to show whether the payment of the consideration for

said conveyance was passed upon by said referee, or had ever been made; and that this suit could not be maintained.

*Robinson and Rowell*, for plaintiff.

Plaintiff entitled to recover, unless barred by the submission and award.

May show that she has not received the consideration in her deed to defendants. *Bassett* v. *Bassett*, 55 Maine, 127; *Jellison* v. *Jordan*, 68 Id. 373; *Long* v. *Woodman*, 65 Id. 56; *Barter* v. *Greenleaf*, Id. 405; *Goodspeed* v. *Fuller*, 46 Id. 141, 148. All matters embraced in the submission, not covered by the award; no final disposition of them. *Colcord* v. *Fletcher*, 50 Maine, 398. Award not a bar to claims not considered or decided by referee. *Mt. Desert* v. *Tremont*, 75 Maine, 252, and cases there cited, *Littlefield* v. *Smith*, 74 Id. 387; *Hammond* v. *Deehan*, 78 Id. 399; *Boston Water Co.* v. *Gray*, 6 Met. 131; *Bean* v. *Farnam*, 6 Pick. 269, 274.

Evidence admissible to show consideration of deed not submitted to referee; not passed on. *Wyman* v. *Hammond*, 55 Maine, 534; *Buck* v. *Spofford*, 35 Id. 526; *Galvin* v. *Thompson*, 13 Id. 367; *Hale* v. *Huse*, 10 Gray, 99; *Edwards* v. *Stevens*, 1 Allen, 315; Abbott's Trial Ev., p. 468, and cases cited.

Burden of proof upon defendants, to show that the personal property had been paid for. This property taken by defendants; not mentioned in award; not adjudicated upon by referee.

*A. P. Gould*, for defendants.

It is obvious that the subject matter of controversy was the property conveyed by the deed, to which the submission refers, and this embraces the personal as well as the real.

Whatever the character of the defendants' title, under the deed taken alone, might have been, upon the execution of the submission, it became an equitable one. The two papers are to be construed together; and although, as the agreement to reconvey was not given at the same time as the deed, the obvious intent of the submission was to ascertain what was equitably due to the defendants, under their equitable title. Whereupon, this is the view which the referee took of the case, and upon performance

of his award, the plaintiff is entitled to a reconveyance. Such being the purpose of the submission, the gist of the controversy was, taking all their transactions into view, what sum of money was due to the defendants to entitle plaintiff to redeem.

Counsel cited: Morse Arb. p. 348, and cases in note, *Dolbier* v. *Wing*, 3 Maine, 421; *Gray* v. *Gwennap*, 1 Barn. & Ald. 106; 1 Whart. Ev. §§ 788, 789.

LIBBEY, J. This is assumpsit to recover the value of a farm, farming tools and household goods, alleged to have been conveyed by the plaintiff to the defendants May 27, 1882. Prior to that date, the defendants had rendered to the plaintiff certain services and furnished her with some supplies, when an arrangement was made between them, by which the defendants were to continue to aid the plaintiff by furnishing her with means of support, during her life; and in consideration of their agreement, she executed to them the deed of the date aforesaid, conveying the farm and personal property in controversy, with the following reservation; "reserving the above described premises as a home for myself, and the net income during my natural life."

The plaintiff continued to live in the house on the farm, and retained possession of the personal property for which she now claims to recover, receiving means of support from the defendants in performance of their agreement to October 15, 1887, when some difficulties having arisen between them, they appear to have determined to rescind the contract which they had made, and for the purpose of determining all matters between them, they entered into a written submission, by which they submitted to a referee in the terms following. After reciting the deed aforesaid, they say, "A controversy having arisen as to the rights of the respective parties in said estate, we hereby agree to submit all matters in dispute, both before the date of said deed and thereafterwards, to the time of hearing this case, to Henry Ingalls, Esq. of Wiscasset in said county of Lincoln, whose determination shall be final and binding between the parties and their legal representatives."

"And, it is hereby mutually understood and agreed, that all

claims joint and several against the said Lucy A. Comery in favor of the said Albert E. and Charles H. Howard, and all claims between the parties shall be adjudicated upon by said Ingalls. And the said Albert E. and Charles H. Howard do hereby agree that upon the payment to them by the said Comery, her legal representatives or assigns, within sixty days of the time of making the award by the said referee, and notice of the same to said parties, of such sum as the referee may find due to them, from the said Comery, they will make and execute and deliver to the said Comery, her legal representatives or assigns a good and sufficient deed of said real estate."

The referee duly heard the parties on the 9th of December 1887, when each of the parties presented to him all claims which they had against each other, to enable him to determine how much was justly and equitably due from the plaintiff to the defendants, for what they had furnished her more than they had received from the property; and he awarded that there was due from her to them as of that date, $486.90. He annexed to his report a schedule of all the items presented to him by the parties and considered by him, which shows that the defendants had received in money and in various articles from the property $310.48, which was deducted from the sum allowed the defendants. And he also annexed to his report a special report, stating particularly what matters he considered and what determinations he made of such matters.

In his special report, he says, "I decide as a matter of law that the deed of the defendant (plaintiff) to the plaintiff's (defendants) of May 27, 1882 is not a mortgage but a deed with a reservation to become effectual and absolute at the decease of the defendant," (plaintiff). Then follows a particular statement of his determination of their several claims in regard to personal property.

The defendants claimed that the award was conclusive against the plaintiff's right to recover in this action. The plaintiff offered to prove as matter of fact, that no claim was presented to the referee by the plaintiff for the value of the farm or the personal property, nor considered by him at the time of the hearing. This evidence was excluded, and the court held that the award was a conclusive defense to the action. We think this ruling correct.

Under the contract between the parties of May 27, 1882, while the plaintiff remained in possession of the property conveyed, she could maintain no action against the defendants for the value of the farm or of the personal property. Under the award of the referee, which was within his powers, the title had not passed to the defendants absolutely, but was to be effectual only on the death of the plaintiff. To give her a right of action to recover for either, it was necessary that that contract be rescinded. It appears by the submission and the award, that the parties undertook to rescind it in October 1887. And for the purpose of effectuating that intention, the submission was made by which the referee was to determine how much was justly and equitably due from one party to the other, growing out of the partial execution of their contract of May 1882 ; and to perfect and effectuate fully the rescision, the defendants agreed to reconvey to the plaintiff on the payment of such sum as the referee might find due them. The award of the referee fixed that sum. To entitle the plaintiff to a reconveyance, or upon a refusal and neglect to reconvey, to recover the value of the property, it is incumbent on her to pay or tender to the defendants the amount awarded. Her remedy after the award was made was under the award. As we have said, she could not recover before the rescision. After the rescision, she could only recover under the terms and stipulations by which the rescision was to be effectual.

It is claimed by the plaintiff, that where under a submission, all matters in controversy between the parties are submitted to a referee, and an award is made by the referee, and afterwards a claim arises between the parties and comes in litigation, and the submission is invoked as a defense, it is competent for the plaintiff to prove by parol that the claim in contention was not in fact presented to the referee or considered by him. This proposition is supported by many authorities ; but we think it does not aid the plaintiff in this case. By the terms of the submission, and the findings of the referee, it appears that it was not in the contemplation of the parties that a claim should be presented for the value of the property embraced in the deed of May 27, 1882; for by the agreement of submission that property was to be recon-

veyed, by the defendants to the plaintiff so far as they had any title under that deed, on the payment by the plaintiff of the sum awarded. Of course, under such a submission, the referee could not charge the defendants with the value of that property, and then make an award by which they were to reconvey it to the plaintiff, as stipulated in the submission. We can see no ground in the case as submitted, upon which the plaintiff can maintain this action.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.